IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHEN DOWNS                        )
                                     )
v.                                   )       NO. 3:20-1090
                                     )
DENNIS MCDONOUGH, et al.             )


TO:   **The Honorable Eli J. Richardson, District Judge**


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 2, 2021 (Docket Entry No. 8), this *pro se* case was referred to the

Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the

Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss or, in the alternative, for summary judgment

(Docket Entry No. 40) filed by Defendants Dennis McDonough as the Secretary of the Department

of Veterans Affairs, Jennifer Vedral-Baron, Cynthia Johnson, Emma Phillips, Timothy Eckwood, and

Joseph Blair.  Plaintiff has responded in opposition to the motion.  For the reasons set out below, the

undersigned respectfully recommends that the motion be granted in part and denied in part.


## I. BACKGROUND[1]

Stephen Downs ("Plaintiff") is a Tennessee resident and a former employee of the United

States Department of Veterans Affairs ("VA") who worked at the VA's Tennessee Valley Healthcare

System ("TVHS") facility in Nashville, Tennessee.  Plaintiff appears to have begun his employment

---

[1] The facts in the Background section are summarized from Plaintiff's pleadings and are taken
as true for the purposes of Defendants' Motion.

with the VA sometime in 2015 and to have worked as an executive secretary in the office of Cynthia Johnson, the Associate Director of Patient Care Services ("ADPCS") during the time frame involved in this lawsuit.[2]

Plaintiff filed this lawsuit based on his belief that he was the victim of both unlawful employment discrimination and unlawful retaliation at the TVHS between 2018 and 2021, which he contends culminated in his constructive discharge from employment on or about February 17, 2021.[3] He alleges that he was initially treated unfairly and harshly by his direct supervisor, Emma Phillips ("Phillips"), who was the Supervisory Health Systems Specialist in the Office of the ADPCS. He alleges that she supervised him differently than his co-workers by drastically changing his job duties and authority, denying him essential tools and the ability to participate in "huddles," and failing to respond to his request for a reasonable accommodation of being provided with visual learning and training.[4] He alleges that Phillips also gave him a negative performance review in July 2019.[5] Plaintiff believes that Phillips' actions were motivated by discrimination against him because he was the only male working in his position, and also because of his age (over 40 years) and status as a veteran.[6]

Plaintiff alleges that he complained about his treatment to Phillips, EEO director Timothy Eckwood ("Eckwood"), and TVHS Director Jennifer Vedral-Baron ("Vedral-Baron"), but that his situation did not improve and actually worsened. Although Eckwood arranged for a "facilitation" between Plaintiff and Phillips, the facilitation did not result in a positive change and Phillips thereafter

---

[2] *See* Complaint (Docket Entry No. 1) at ¶ 10.
[3] *See* First Amended Complaint ("FAC") (Docket Entry No. 35) at ¶ 5.
[4] *Id*. at ¶ 11.
[5] *Id*. at ¶ 12.
[6] *Id*. at ¶ 13.

2

gave Plaintiff another negative performance evaluation and transferred him to a "detail" under the supervision of Joseph Blair ("Blair"), where his job duties were again drastically reduced and he was given menial and dismissive tasks.[7] Plaintiff asserts that his work situation continued to spiral downward and sets out several specific incidents as examples: (1) Blair accused him in January 2020 of being absent from work without leave; (2) he was given a second "detail" to an unwanted assignment in March/April 2020; (3) Johnson took steps in May 2020 to initiate Plaintiff's removal from federal service; (4) he was increasingly scrutinized, overly monitored, and criticized; (5) he was not selected for positions for which he was qualified and applied; (6) Phillips stopped giving him annual progress reviews; and, (7) Phillips placed him in an assignment that isolated him, minimized his tasks, and required him to do training on skills he already had mastered.[8] He contends that in January 2021 he alerted Phillips, Johnson, and Vedral-Baron that he was having a nervous breakdown because of his work environment and that he could no longer work at the TVHS, yet he was not offered any care or assistance and was again deemed to be absent without leave.[9] Plaintiff thereafter ceased working for the VA.

Plaintiff alleges that in addition to being motivated by discrimination against him, Defendants' actions were also motivated by a desire to retaliate against him because of his oral and written complaints about his treatment and because of "whistle blowing activity" when he informed supervisors about incidents of what he believed to be wrongdoing at the TVHS.[10] Specifically, he alleges that he brought to the attention of supervisors instances when Phillips gave a job applicant a "cheat sheet" and "pre-selected" a job applicant and instances when Plaintiff believed that illegal

---

[7] *See* Complaint at ¶ 14; FAC at ¶¶ 26-31.
[8] *See* Complaint at ¶ 16; FAC at ¶¶ 39, 41, 51-57, and 62-63.
[9] *See* FAC at ¶¶ 65-67.
[10] *See* Complaint at ¶¶ 26-42.

activity regarding the treatment of veterans was occurring, activity in which Plaintiff refused to participate.[11]

## II. PLAINTIFF'S COMPLAINTS AND PROCEDURAL BACKGROUND

While still employed at the VA, Plaintiff initiated this lawsuit by filing a *pro se* complaint on December 18, 2020, against the Secretary of the VA, seeking damages and various forms of injunctive relief. His complaint sets out employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*., the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 794 *et seq*., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*. *See* Complaint at ¶¶ 19-25. His complaint also sets out retaliation claims under the anti-retaliation provisions of the aforementioned statutes, as well as under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), and the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("No Fear Act"), 5 U.S.C. § 2301 *et seq*. *Id*. at ¶¶ 26-42. Plaintiff further refers to the Tennessee Human Rights Act ("THRA"), T.C.A. §§ 4-21-101 *et seq*., although he does not specifically set out a claim under the THRA. *Id*. at ¶¶ 1 and 7.

After leaving his employment with the VA, Plaintiff filed the FAC on April 16, 2021. In the FAC, Plaintiff adds Phillips, Johnson, Vedral-Baron, Blair, and Eckwood as individual defendants, reiterates and expounds upon the allegations of discrimination contained in his original complaint, adds allegations concerning his departure from employment at the VA, and includes additional allegations about what he contends was retaliation against him due to "whistle blowing." He further

---

[11] *See* FAC at ¶¶ 5, 16, 18, 34-36, 48, and 60.

4

adds: (1) a claim for "hostile work environment" that appears to be based upon his allegations of retaliation and discrimination, as well as upon alleged violations of his First and Fourteenth Amendment rights, and (2) a claim that he styles as "constructive discharge and anti-retaliatory provisions under the FCA" and that is brought under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*, for alleged retaliatory constructive discharge. *See* FAC at 14.

In his pleadings, Plaintiff offers the following statements about the exhaustion of his administrative remedies:

> Plaintiff has exhausted his administrative remedies all in good faith and to the point of moving his action to a federal court of competent jurisdiction and has complied with all statutory prerequisites to maintain the claims asserted herein as required by Title VII of the Civil Rights Act, and all other state acts herein as incorporated by reference. Further, Plaintiff, has performed all conditions precedent to maintaining the claims asserted herein as required by the act(s).

*see* Complaint at ¶ 2; and,

> To be sure, concerning jurisdiction of this court the Plaintiff respectfully submits that his case is ripe for this Court' jurisdiction because Plaintiff has secured a right to sue letter from the EEOC concerning both his original clams and his amended claims at the EEOC level. In addition, the Plaintiff has also received a right to sue letter from his notice of intent to sue under ADEA. Plaintiff has filed for his rights and protections through a legal path to litigate constitutional claims against individual(s) under Title 42 section 1983, and to hold the agency responsible for their abuse and liability under all applicable laws.

*See* FAC at ¶ 3.

In lieu of answers, Defendants have filed the pending dispositive motion. Entry of a scheduling order has been reserved by the Court until resolution of Defendants' motion.

### III.  DEFENDANTS' MOTION AND RESPONSE

Although Defendants' motion is early filed in the case, it is a lengthy and all-encompassing dispositive motion that raises several arguments for dismissal of the entire case under Rule 12(b)(1)

5

for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Alternatively, Defendants seek summary judgment under Rule 56.

Defendants acknowledge that Plaintiff's employment discrimination claims are properly brought under Title VII, the ADEA, and the Rehabilitation Act, but contend that he has not exhausted some of his claims and has failed to allege facts supporting a *prima facie* case under these statutes. *See* Memorandum in Support (Docket Entry No. 48) at 26-37.  Defendants also contend that there is no basis for liability under these employment discrimination statues against any defendant other than the Secretary of the VA because these statutes only assess liability against a plaintiff's employer.  *Id*. at 18-20.  With respect to claims brought under other statutes, Defendants argue that these claims have been waived, are not cognizable, or fall outside the subject matter jurisdiction of the Court.  *Id*. at 14-17 and 20-26.  Defendants finally argue that Plaintiff is not authorized to seek punitive damages from the federal government under Title VII.  *Id*. at 37.

Plaintiff responds by disputing that any of his claims are non-cognizable or are not within the Court's subject matter jurisdiction.  He contends that he has exhausted the claims that were required to be exhausted, and that any attack on the underlying merits of his claims is premature because he has not had the opportunity to engage in discovery of evidence that is in possession of the VA and that would support his claims.  *See* Plaintiff's various responses (Docket Entry Nos. 44-46, 49-50, and 52).

## IV.  STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal when the Court lacks subject matter jurisdiction over the claims asserted in the complaint.  Rule 12(b)(1) motions can either "challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter

6

jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). A facial attack "goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Cartwright, supra*. Defendants raise a facial attack in their motion. *See* Docket Entry No. 48 at 13.

A motion under Rule 12(b)(6) seeking dismissal for failure to state a claim upon which relief can be granted is reviewed under the standard that the Court must accept all of the well-pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A motion brought under Rule 56 seeking summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party has the burden of showing the absence of genuine factual disputes. *Anderson*, at 249-50; *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant

7

meets that burden, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Pittman,* 901 F.3d at 628. In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). In doing so, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

## V. ANALYSIS

As set out below, the Court finds that several of the claims addressed by Defendants in their motion are either not cognizable or have not actually been raised as independent causes of action. Plaintiff fails to set forth any valid rebuttal arguments to the dismissal of these claims.

Once the readily dismissed claims are sorted out, the remaining claims consist of what the Court views as the crux of Plaintiff's case: his retaliation claim under the WPA and his claims of employment discrimination and retaliation under Title VII, the ADEA, the Rehabilitation Act, and the THRA. As to the WPA claim, the Court finds that this claim is subject to dismissal because Plaintiff has not shown that the Court has subject matter jurisdiction over the claim. As to the employment discrimination and retaliation claims, the Court finds that, with the exception of the Rehabilitation Act claim, Plaintiff's allegations are sufficient at this point in the litigation to state claims upon which relief can be granted. Finally, the Court finds that Defendants raise a valid failure to exhaust defense as to Plaintiff allegations of constructive discharge to the extent that this claim is pursued under Title VII.

8

With respect to Defendants' alternative request for the entry of summary judgment in their favor, the Court finds that this request is premature at this point in the case. Plaintiff correctly contends that no scheduling order has been entered and that discovery has essentially not begun, let alone been completed. He believes that evidence is in the possession of the VA that would support his claims and, pointing to the provisions of Rule 56(d), he contends that he should have the opportunity to inquire as to this evidence and complete discovery prior to any decision on the issue of summary judgment. *See* Plaintiff's Response and Declaration (Docket Entry No. 50) and Reply (Docket Entry No. 52). The Court agrees.

Although Plaintiff has not submitted an affidavit or declaration in support of his assertion of the need for discovery as is normally required by Rule 56(d), his filings clearly explain his need for more discovery and are sufficient to support his assertion, especially in light of his *pro se* status. *See Capitani v. World of Miniature Bears, Inc.*, 2020 WL 6439512, at *1 (M.D. Tenn. Apr. 17, 2020) (Crenshaw, J.). The most appropriate course of action at this stage of the proceedings is to defer discussion of whether summary judgment is warranted until after the parties have had the opportunity to conduct discovery. *See Dobbins v. Craycraft*, 423 F. App'x 550, 552-53 (6th Cir. 2011) (reversing the grant of summary judgment against *pro se* plaintiff who had not had the opportunity to engage in discovery); *Capitani*, *supra*. Defendants' request for summary judgment should be denied without prejudice to a renewed motion for summary judgment being filed at a later time.

A. The Scope of Plaintiff's Pleadings

The Court initially addresses Defendants' contention that Plaintiff has abandoned claims that were set out in his original complaint but were not included in his FAC. *See* Defendants' Memorandum in Support (Docket Entry No. 48) at 8. While an amended complaint normally

9

supplants a prior complaint and is viewed as setting out the entirety of a plaintiff's claims and allegations, it is apparent that Plaintiff intended his FAC to be a continuation of his original complaint and not a replacement of it. Given Plaintiff's *pro se* status, the Court grants him some leeway and will construe both pleadings in conjunction with each other. The Court therefore declines to adopt Defendants' position that Plaintiff has abandoned any claims or allegations by virtue of filing the FAC.

B. FECA, FMLA, Tort Claims, and Political Affiliation Claims

In their motion, Defendants raise arguments for the dismissal of several claims that could possibly be extracted from Plaintiff's pleadings—claims under the Federal Employees Compensation Act ("FECA") and the Family Medical Leave Act ("FMLA"), tort claims under the Federal Tort Claims Act ("FTCA"), and "political affiliation" claims. *See* Defendants' Memorandum in Support at 22-26. While it is understandable that Defendants, in their quest to not leave unresolved any possible claims in this case, have presented arguments for dismissal of such claims, it is not necessary for the Court to address their arguments because the Court finds that such claims have not actually been raised.

Plaintiff's pleadings are somewhat unclear as to his legal claims. Although he specifically sets out four, general "Counts" in his original complaint and FAC, he intersperses his general allegations with references to the above noted statutes, to tortious actions on the part of individuals at the VA, and to his political affiliation. However, these references are made in the context of his factual narrative of how he was treated by Defendants and are not raised as specific claims. This is in stark contrast to the several other claims that are specifically set out in his pleadings as "counts" or causes of action. Furthermore, the Court notes that, in his response to Defendants' motion, Plaintiff

10

does not argue that any of these claims have actually been raised and/or are viable. While the Court is required to give *pro se* pleadings some measure of a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is not the Court's duty to ferret out from a pleading all potential claims that might exist. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

## C. Punitive Damages

Congressional approval is required for a party to recover punitive damages from the federal government. *Commerce Fed. Sav. Bank v. Fed. Deposit Ins. Corp.*, 872 F.2d 1240, 1247-48 (6th Cir. 1989) (collecting cases and preventing the appellant from recovering punitive fines or penalties from the FDIC absent congressional approval). Although Plaintiff requests an award of punitive damages, he fails to provide any statutory basis authorizing the potential award of punitive damages in this case. Accordingly, Plaintiff's request for the remedy of punitive damages should be dismissed.

## D. No Fear Act

To the extent that Plaintiff seeks to pursue an independent claim based upon an alleged violation of the No Fear Act, this claim must be dismissed because the No Fear Act does not create a private cause of action. *See Glaude v. United States*, 248 F. App'x 175, 177 (Fed. Cir. 2007); *Hardiman v. Lipnic*, 455 F.Supp.3d 693, 698-99 (N.D. Ill. 2020); *Williams v. Spencer*, 883 F. Supp. 2d 165, 182 (D.D.C. 2012).

## E. 42 U.S.C. § 1983

Part of Count I of the FAC includes the allegation that Plaintiff's First Amendment free speech and Fourteenth Amendment equal protection rights were violated because of retaliation and

11

harassment against him.[12] *See* FAC at 14. Although not referenced in the assertion of the count itself, Plaintiff states on the first page of the FAC that the FAC is being filed under 42 U.S.C. § 1983, *id.* at 1, and further argues in his response to Defendants' motion that this constitutional claim is a Section 1983 claim. *See* Docket Entry No. 45 at 4.

To establish a claim under Section 1983, Plaintiff must show that the alleged constitutional deprivation was committed by a defendant who acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, the instant case involves conduct by federal defendants related to Plaintiff's federal employment and there are no facts showing that any alleged conduct occurred by anyone who acted under color of state law. Plaintiff fails to satisfy the "under color of state law" element of a Section 1983 claim. Federal agencies and their agents who act under color of federal law, not state law, are not subject to suit under 42 U.S.C. § 1983. *See Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987); *Corner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) (officials at a federal agency acted under color of federal law); *Dixon v. Veterans Admin.*, 848 F.2d 189 (6th Cir. 1988), 1988 WL 49082 (*per curium*) ("The section 1983 claims were properly dismissed because the federal employees involved did not act under color of state law.").

At no point does Plaintiff raise this claim under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which provides for the direct pursuit of a constitutional claim against federal officials in certain circumstances. Further, the Court is not required to convert a non-cognizable Section 1983 claim against federal officials into one under *Bivens*. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Nonetheless, even if the constitutional claim had been properly pled, the claim would lack merit because it is based upon alleged wrongful employment

---

[12]The Court views the remainder of Count I as adding to Plaintiff's employment discrimination and retaliation claims.

12

actions for which Plaintiff may pursue remedies under the Civil Service Reform Act ("CSRA") and under the employment discrimination statutes which he has raised. In such a situation, no *Bivens* claim exists. *See Bush v. Lucas*, 462 U.S. 367, 368 (1983); *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976); *Krafsur v. Davenport*, 736 F.3d 1032, 1036 (6th Cir. 2013); *Jones v. Tennessee Valley Auth.*, 948 F.2d 258, 264 (6th Cir. 1991); *Day v. Wayne Cty. Bd. of Auditors*, 749 F.2d 1199, 1205 (6th Cir. 1984).

F. False Claims Act

Count 2 of the FAC is specifically brought as a claim under the False Claims Act. *See* FAC at 14. Plaintiff alleges that he was retaliated against when he was constructively discharged after reporting to his supervisors "an illegal and unethical scheme" concerning veterans and their care in the community and his refusal to participate in the scheme. *Id.* He contends that his constructive discharge amounted to a violation of 31 U.S.C. § 3730(h), which provides:

> In general.--Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

However, because Congress intended the anti-retaliation provisions of the CSRA set out at 5 U.S.C. §§ 1213 and 2302 to provide the exclusive remedy for federal employees who allege that they suffered retaliatory employment actions a result of engaging in whistle blowing activity, a federal employee cannot bring a separate and independent claim under 31 U.S.C. § 3730(h) based on alleged retaliatory employment actions. *See Rockefeller v. Abraham*, 23 F. App'x 893, 896 (10th Cir. 2001); *LeBlanc v. United States*, 50 F.3d 1025, 1029-30 (Fed. Cir. 1995); *Gibbs v. United States*, 865 F.

13

Supp. 2d 1127, 1139-40 (M.D. Fla. 2012); *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 263 (D.D.C. 2013); *Daly v. Dep't of Energy*, 741 F. Supp. 202, 205 (D. Colo. 1990). Plaintiff fails to raise a cognizable claim for relief under the FCA, and this claim should be dismissed.

### G. WPA Claim under the CSRA

Plaintiff clearly believes that he was retaliated against in his workplace for not only protesting what he believed was discriminatory treatment, but also for engaging in whistle blowing activity. As a generally matter, a federal employee's allegation of workplace retaliation for engaging in whistle blowing activity states a potential legal claim because, as noted *supra*, the CSRA protects against such retaliation. Under the CSRA, it is a prohibited personnel action to take a personnel action against an employee in reprisal for the employee disclosing information which the employee reasonably believes evidences "any violation of any law, rule, or regulation" or "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8).

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's WPA claim because the Court is not the appropriate forum to hear the claim, either in the first instance or upon judicial review. *See* Docket Entry No. 48 at 20. The Court agrees.

A federal employee pursuing a reprisal claim under the WPA must proceed by pursuing a Whistleblower Individual Right of Action ("IRA") through the administrative steps set out in the CSRA before bringing the claim to court in a lawsuit. 5 U.S.C. § 1221; *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020); *Stella v. Mineta*, 284 F.3d 135, 143-44 (D.C. Cir. 2002). These steps ultimately involve obtaining a final decision from the Merit Systems Protection Board ("MSPB") or from a negotiated grievance through the procedures of a collective bargaining

14

agreement if applicable. *See Manning v. McDonald*, 2017 WL 587979, at *4-5 (M.D. Tenn. Feb. 13, 2017) (Trauger, J.). "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Id*. at *4 (quoting *Stella*, 284 F.3d at 142). *See also Ryan v. Donley*, 511 F. App'x 687, 690 (10th Cir. 2013); *Lerner v. Shinseki*, 2013 WL 1758752 at *12 (W.D. Ky. Apr. 24, 2013) (the plaintiff's retaliation claims brought in district court lawsuit for whistle blowing activity must be dismissed because the MSPB, not federal district court, had jurisdiction to hear WPA claims). In the instant case, Plaintiff has not shown that he pursued and completed the necessary administrative steps for his WPA claim, nor has he set out a supported legal argument showing that he is somehow excused from pursuing these steps.

Furthermore, even if the WPA claim had been properly exhausted by Plaintiff, judicial review of the final administrative decision could not be brought in this Court, but would need to be brought in the appropriate circuit court in accordance with 5 U.S.C. § 7703(b)(1)(B). *Eluhu v. Dep't of Veterans Affs.*, 801 F . App'x 952, 955 (6th Cir. 2020); *Young*, 961 F.3d at 1327. *See also Rollison v. Roth*, 2021 WL 2580580 at *3 (S.D. Ohio. June 23, 2021) (finding that district court did not have jurisdiction to hear appeal of MSRB decision on WPA claim and that an IRA claim could never be part of a "mixed case" over which the district court had jurisdiction). For these reasons, the Court lacks subject matter jurisdiction over Plaintiff's WPA claim and it must be dismissed.


## H. Disability Discrimination Claim Under the Rehabilitation Act and ADA

Plaintiff's claim under the ADA must be dismissed because the Rehabilitation Act, not the ADA, is a federal employee's exclusive remedy for employment related disability discrimination. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007).

15

Plaintiff's Rehabilitation Act claim, although the proper vehicle for the claim, should nonetheless be dismissed. The claim is based upon Plaintiff's allegation that his request for a reasonable accommodation of "visual learning/training" and/or "for the tool for plaintiff to do his job" was either denied or ignored. *See* Complaint at ¶ 21; FAC at ¶¶ 11, 25, and 50. A threshold showing for any claim under the Rehabilitation Act is that the plaintiff falls within the coverage of the Act because the plaintiff is disabled as defined by the Act. *See Jasany v. U.S. Postal Serv.*, 755 F.2d 1244, 1248 (6th Cir. 1985); *Thompson v. Williamson Cty., Tenn.*, 965 F. Supp. 1026, 1036 (M.D. Tenn. 1997). The Rehabilitation Act, via the ADA, defines a "disability," in relevant part, as "a physical or mental impairment that substantially limits one or more major life activities," a "record of such impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A); 29 U.S.C. § 705(20). *See also Mahon v. Crowell*, 295 F.3d 585, 589 (6th Cir. 2002) (noting that the definition of a "disability" is the same under the Rehabilitation Act and the ADA).[13]

While this showing need not be extensive at the pleading stage, there must nonetheless be facts alleged in the complaint that plausibly show that Plaintiff is covered by the Act. There are simply no such allegations in Plaintiff's pleadings. At no point in his pleadings does Plaintiff set out anything more than a conclusory allegation that he is "disabled." *See* Complaint at ¶¶ 7 and 13. However, conclusory allegations will not suffice to prevent a motion to dismiss. *Ashcroft*, 556 U.S. at 678; *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Given Plaintiff's failure to provide anything more than a conclusory allegation about a threshold matter, Plaintiff does not state a plausible claim under the Rehabilitation Act. *See Fulakis v. Columbus Pub. Sch.*, 53 F. App'x 340, 342 (6th Cir. 2002) (motion for judgment on the pleadings granted when plaintiff failed to allege facts

---

[13] Claims brought under the ADA and Rehabilitation Act are generally reviewed under the same standards. *Shaikh v. Lincoln Mem. Univ.,* 608 F. App'x 349, 353 (6th Cir. 2015).

16

that would demonstrate that she satisfied the definition of "disabled" for purposes of the ADA); *Poursaid v. Norton Brownsboro Hosp.*, 2019 WL 4655908 at *4 (W.D. Ky. Sept. 24, 2019) ("Plaintiff fails to offer factual allegations that, if believed, would support a finding that she is disabled within the meaning of the ADA because she does not allege that she suffers from any disability. Accordingly, her ADA claim must be dismissed."); *Harris v. Cleveland City Bd. of Educ.*, 2018 WL 1124961 at *4 (E.D. Tenn. Mar. 1, 2018) (plaintiff who offered vague allegation that she suffered from a disability and did not specifically state the nature of her disability failed to state a claim under the ADA and Rehabilitation Act); *Inman v. Edwin Shaw Rehab, LLC*, 2013 WL 5966177 at *3 (N.D. Ohio Nov. 8, 2013) (plaintiff failed to meet minimal pleading standards required under *Iqbal* and *Twombly* by failing to allege facts from which an inference can be drawn that he was in fact disabled under the ADA's definition); *Delaney v. Cherokee Health Sys.*, 2012 WL 5986349 at *2 (E.D. Tenn. Nov. 29, 2012) (motion to dismiss granted when the plaintiff failed to allege facts showing that he was a covered individual under the ADA).[14]

I. Claims Under Title VII, the ADEA, and the THRA

As part of their motion, Defendants request the dismissal of Plaintiff's Title VII, ADEA, and THRA[15] claims based on the argument that he fails to state a claim for relief because his allegations do not establish a *prima facie* case under these statutes. The Court disagrees. First, at the pleading

---

[14] Because the Court finds that Plaintiff's Rehabilitation Act claim warrants dismissal for failure to state a claim upon which relief can be granted, it is not necessary to address Defendants' alternative argument that Plaintiff failed to exhaust his administrative remedies as to this claim.

[15] Because the protections of the THRA essentially track those of the federal employment discrimination statutes, *see Chattman v. Toho Tenax Amer., Inc.*, 686 F.3d 339, 346 (6th Cir. 2012); *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 620 (6th Cir. 2006), the Court views Plaintiff's THRA claim as essentially being congruent with his claims under Title VII and the ADEA.

17

stage, a plaintiff is not required to plead facts that specifically satisfy the *prima facie* case that is part of the familiar *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), evidentiary burden shifting analysis used in review of employment discrimination cases. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("it was error for the district court to require [plaintiff] to plead a *prima facie* case . . . in order to survive a motion to dismiss"); *Jodry v. Fire Door Sols., LLC*, 2020 WL 7769924 at *3-4 (M.D. Tenn. Dec. 30, 2020); *Veasy v. Teach for Am., Inc.*, 868 F. Supp. 2d 688, 695 (M.D. Tenn. 2012). Accordingly, Defendants' motion for dismissal on this basis should be denied.

Second, although Plaintiff's factual allegations certainly complain about some employment actions and events that, even if true, may not ultimately support an employment discrimination or retaliation claim, his overall allegations of workplace harassment, adverse actions, lack of selection for positions, retaliation, and, ultimately, a separation from employment via constructive discharge are sufficient to state plausible claims. His allegations are not set out in cursory, vague, or conclusory terms. Indeed, his pleadings set out pages and pages of factual details, and he points to specific examples of when and why he believes he was treated differently than other employees, treated harshly or unfairly, and/or retaliated against. The Court finds that these allegations do more than merely assert a possibility that Plaintiff was subjected to unlawful conduct at the VA.

Like many *pro se* Plaintiffs who bring employment discrimination claims, Plaintiff essentially sets out a chronological narrative of what happened in his workplace, including both minor and major events, and he has not isolated a particular or specific workplace event upon which his case is based. It is difficult to parse out from the pleadings those specific claims or theories of unlawful employment activity that fail to state plausible claims for relief from the more substantial claims or theories. For example, the level of adversity required for a discrimination claim differs from that required for a

18

retaliation claim. In the instant case, whether Plaintiff is ultimately able to prove his claims of unlawful discrimination and retaliation is a matter more appropriately resolved at a later stage of this case when Plaintiff is called upon to support his claims with evidence that would be sufficient to support a reasonable finding in his favor.

With that said, Defendants are correct that Plaintiff's Title VII, ADEA, and THRA claims must be dismissed as to the several named individual defendants who are employees or supervisors at the TVHS. It is well-settled that these employment statutes do not provide for a legal cause of action against individual defendants who are not otherwise employers. *See Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) (Title VII); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n. 6 (6th Cir. 1997) (ADEA); *Austin v. Alexander*, 439 F. Supp. 3d 1019, 1024 (M.D. Tenn. 2020) (THRA).[16]


J. Exhaustion of Administrative Remedies as to Plaintiff's Constructive Discharge Claim

Defendants argue that Plaintiff's constructive discharge claim (Count II of the FAC) has not been exhausted at the administrative level to the extent that the claim is construed as being brought under Title VII. *See* Defendants' Memorandum in Support at 26-27. Defendants acknowledge that this claim was raised as part of the third administrative complaint filed by Plaintiff on March 26, 2021, #200I-VI09-2021102316, *see* Docket Entry No. 48 at 40, and was accepted by the agency for processing, *see* Docket Entry No. 42-4 at 6-7, but assert that no final agency action had taken place on the administrative complaint at the time Plaintiff raised the claim in this litigation via his FAC. Defendants further assert that no final agency decision had been issued as of the date of the filing of

_____

[16] If Plaintiff's Rehabilitation Act claim is found to survive the motion to dismiss, there is likewise no basis under the Rehabilitation Act for claims against individuals. *Hiler v. Brown*, 177 F.3d 542, 547 (6th Cir. 1999).

19

its motion. *See* Declaration of Barham (Docket Entry No. 42) at ¶ 6.[17] Thus, they argue that the administrative process has not been exhausted for the claim.

Plaintiff's primary argument in response appears to be that he is not required to exhaust his constructive discharge claim because it is brought under the FCA. *See* Docket Entry No. 52 at 3; Docket Entry No. 45 at 4. If this is Plaintiff's only rebuttal argument, the argument lacks merit and the constructive discharge claim must be dismissed because, as set out *supra* at Section V.F, Plaintiff does not have a cognizable claim under the FCA.

However, Plaintiff's response suggests that he is also pursuing the allegation of constructive discharge as part of his overall Title VII claims. *See* Docket Entry No. 45 at 4-7. Because the administrative processing of his third administrative complaint likewise indicates that it was viewed, at least in part, as being raised as a retaliation claim under Title VII, the Court will proceed to review the claim as a Title VII claim.

A federal employee is required to exhaust administrative remedies before bringing Title VII claims before the Court. *Steiner v. Henderson*, 354 F.3d 432, 434-45 (6th Cir. 2003). In the instant case, Plaintiff filed his third administrative EEO complaint that included his allegation of retaliatory constructive discharge with the VA and it was accepted for processing as a "mixed complaint." *See* Docket Entry No. 42-4 at 7. Consequently, Plaintiff could not proceed to litigate the claim as an exhausted claim until he either received a final agency decision, 29 C.F.R.§§ 1614.110 and 1614.310(a), or 120 days had passed from the date he filed his complaint without a final agency decision occurring. 29 C.F.R. §§ 1614.302(d)(1)(i) and 1614.310(g). *See generally Kloeckner v. Solis*,

---

[17] Neither party has alerted the Court that a final agency decision has been issued subsequent to the filing of Defendants' motion or that any other action has occurred in the administrative proceeding.

20

568 U.S. 41, 44-45 (2012) (summarizing mixed case proceedings); *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 470 (6th Cir. 2003) (same).

Defendants contend that Plaintiff filed the FAC too quickly with respect to a constructive discharge claim under Title VII. This argument is correct. Plaintiff's third administrative complaint was filed on March 26, 2021. Approximately three weeks later, he filed his FAC on April 16, 2021, and raised this claim in the instant lawsuit. At the time, no final agency decision had yet occurred, and the 120-day waiting period he was required to observe before proceeding without a final agency decision had obviously not passed. Neither precondition was satisfied that would have allowed Plaintiff to proceed to raise this claim in this lawsuit. This claim must therefore be dismissed as prematurely brought under the applicable regulations. *See Askew v. Stone*, 81 F.3d 160, 1996 WL 135034 at *3 (6th Cir. March 25, 1996) (dismissing as unexhausted the claims of federal employee who abandoned the administrative process and filed lawsuit prior to expiration of waiting period); *Dowell v. Bernhardt*, 2019 WL 6909461 at *3 (M.D. Tenn. Dec. 19, 2019) (dismissing Title VII claims of federal employee because plaintiff filed her lawsuit prior to either receiving a final agency action or waiting until the applicable time period passed without an agency action after filing her EEO administrative complaint); *Every v. Brennan*, 2018 WL 3352953 at *5 (E.D. Tenn. July 9, 2018) (Title VII claim of federal employee dismissed as premature because did not complete the administrative process and filed suit prior to final agency decision or expiration of waiting period); *Roth v. Shinseki*, 2012 WL 5877955 at *3-4 (M.D. Tenn. Nov. 20, 2012) (Trauger, J.) (granting motion to dismiss Title VII claims of federal employee because her lawsuit was filed prior to receipt of a final agency action on appeal or to the expiration of waiting period).[18]

_____

[18] The fact that, at this date and time, the 120-day waiting period has now passed does not remedy Plaintiff's situation and "cure" his failure to properly exhaust his claim. *See Andrews v.*

21

## R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that the motion to dismiss or, in the alternative, for summary judgment (Docket Entry No. 40) filed by Defendants Dennis McDonough, Jennifer Vedral-Baron, Cynthia Johnson, Emma Phillips, Timothy Eckwood, and Joseph Blair be:

1) DENIED with respect to Plaintiff's employment discrimination and retaliation claims brought under Title VII, the ADEA, and the THRA, except for the claim of a constructive discharge under Title VII, which should be DISMISSED for lack of exhaustion;

2) GRANTED as to all other claims and that those claims be DISMISSED for the reasons set out herein;

3) GRANTED as to Plaintiff's request for punitive damages;

4) GRANTED as to individual liability claims brought against Defendants Jennifer Vedral-Baron, Cynthia Johnson, Emma Phillips, Timothy Eckwood, and Joseph Blair, and that said Defendants be DISMISSED from the case; and,

5) DENIED to the extent that Defendants seek summary judgment in their favor.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding

---

*Potter*, 2007 WL 325348, at *3 (E.D. Mich. Jan. 31, 2007) ("Plaintiff chose to abandon the administrative process prior to the expiration of the 180 day waiting period and to allow her to proceed with her complaint at this point would undermine the purpose of the exhaustion requirements by allowing plaintiffs to completely circumvent administrative processes.").

the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

23