IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN DOWNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:20-cv-01090 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| DENIS McDONOUGH, Secretary of | ) | |
| Veterans Affairs, *et al*., | ) | |
| | ) | |
| Defendants. | | |

## **MEMORANDUM OPINION**

Pending before the Court is a Report and Recommendation (Doc. No. 54, "R&R") from the Magistrate Judge recommending that the Court grant in part and deny in part Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Doc. No. 40, "Motion"), which sought dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff had failed to state a claim upon which relief can be granted, and alternatively, summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff responded to the Motion. (Doc. Nos. 44-46, 49-51). Defendants replied. (Doc. No. 52). After the R & R was issued, Plaintiff and Defendants[1] filed separate objections to it. (Doc. No. 57, "Plaintiff's Objections";[2] Doc. No. 55 "Defendant's Objection").

---

[1] Although the Motion was filed by "Defendants," the Objection was styled as if it were filed by one Defendant, Denis McDonough. Despite this inconsistency, it is clear that the Objection was intended to be brought by all Defendants that filed the Motion. However, when discussing the Objection in this opinion, the Court will follow Defendant's lead and refer to the objection as "Defendant's" (singular) Objection and refer to the objecting Defendant as it would refer to Secretary McDonough.

[2] Plaintiff filed two substantially similar objections on the docket (Doc. Nos. 56 and 57). The only difference in the two docket entries appears to be that Doc. No. 57 includes the proper case number. The Court will cite to Doc. No. 57 throughout this Opinion.

# BACKGROUND

The facts, as alleged by Plaintiff and accepted as true for purposes of the motion to dismiss included within the Motion, are sufficiently recited in the R&R and need not be repeated here in full. The Court will accept the facts as true for purposes of reviewing the R&R, because the Magistrate Judge addressed only Defendants' request for dismissal pursuant to Federal Rule 12(b)(6),[3] and did not address Defendants' alternative request for summary judgment. She found in the R&R that the request for summary judgment was "premature at this point in the case." (Doc. No. 54 at 8). Plaintiff is a former employee of the United States Department of Veterans Affairs ("VA") who worked at the VA's Tennessee Valley Healthcare System ("TVHS") facility in Nashville, Tennessee. (Doc. No. 35). Plaintiff alleges that he was the victim of employment discrimination and unlawful retaliation while working at this facility between 2018 and 2021, which he contends culminated in his constructive discharge from employment on or about February 17, 2021. (*Id.*).

# LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an

---

[3] As is axiomatic, on a Rule 12(b)(6) motion to dismiss, factual allegations (as opposed to legal conclusions or other wholly conclusory statements) are accepted as true.

objection is made. Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

## DISCUSSION

I. *Defendant's Objection*

In Defendant's Objection (Doc. No. 55), he "objects to the portion of the R&R that denied Defendant's motion to dismiss Plaintiff's employment discrimination claim brought pursuant to the Tennessee Human Rights Act[.]" (Doc. No. 55 at 1). Defendant asserts that "Plaintiff was a federal employee, and the alleged discrimination on which he bases his complaint occurred during his employment at the Department of Veterans Affairs, a federal agency . . . . Therefore, plaintiff

cannot bring a claim under the THRA because Title VII is the exclusive judicial remedy for claims of discrimination against a federal employer." (*Id*. at 3 (citation omitted)). Thus, he argues that the THRA claim should be dismissed for lack of subject matter jurisdiction.

Defendant does not point to where in the R&R the Magistrate Judge erred by rejecting this argument. And in fact he could not possibly have done so, because the Magistrate Judge did not have an opportunity to rule in the R&R on Defendant's above-described argument. In Defendant's Memorandum in support of its Motion, Defendant simply asserted that "Plaintiff has abandoned his claims under the Tennessee Human Rights Act ("THRA"), . . . which were brought in the original Complaint but not pled in his Amended Complaint."[4] (Doc. No. 41-1 at 8). In the R&R, the Magistrate Judge rejected the assertion that Plaintiff had abandoned his THRA claim. She explained

> While an amended complaint normally supplants a prior complaint and is viewed as setting out the entirety of a plaintiff's claims and allegations, it is apparent that Plaintiff intended his FAC to be a continuation of his original complaint and not a replacement of it. Given Plaintiff's pro se status, the Court grants him some leeway and will construe both pleadings in conjunction with each other. The Court therefore declines to adopt Defendants' position that Plaintiff has abandoned any claims or allegations by virtue of filing the FAC.

(Doc. No. 54 at 8).

---

[4] In another section of Defendant's Memorandum, under a subheading discussing Plaintiff's § 1983 claim, Defendant argues:

> The Supreme Court has held that section 2000e–16 provides the exclusive judicial remedy for claims of discrimination in federal employment. *Brown* [*v. GSA*], 425 U.S. 820, 835 (1976). The *Brown* Court, therefore, dismissed the plaintiff's § 1981 claim, concluding that by enacting Title VII Congress intended to create "an exclusive, preemptive administrative and judicial scheme for redress of federal employment discrimination." *Id*. at 828-29. Following *Brown*, the Sixth Circuit has repeatedly dismissed discrimination claims brought under other discrimination statutes.

(Doc. No. 41-1 at 15). It would be unfair to require that the Magistrate Judge to link this argument to the THRA claim when Defendant did not even do so himself. Accordingly, the above-described argument present in the Memorandum does little to help Defendant avoid waiver of that argument at the objection stage.

The Sixth Circuit holds that issues raised for the first time in objections to an R&R are deemed waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir.2000). ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, . . . it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Accordingly, the Court finds that Defendant's argument here—that Title VII is the exclusive judicial remedy for claims of discrimination against a federal employer—has been waived, because that argument was not raised in the motion to dismiss upon which the magistrate judge ruled and instead was first raised in defendant's Objection.[5]

## II. *Plaintiff's Objections*

In Plaintiff's Objections (Doc. No. 57), he raises several objections to the R&R. First, in pages 2 through 5 of his Objections, he asserts that his claim for violations of the False Claims Act ("FCA") (31 U.S.C. § 3729) is "viable," and explains why he think he can prove this claim. (*See* Doc. No. 57 at 5 ("Plaintiff Downs re-avers that he believes his claims under the False Claims Act and its retaliatory provisions are both viable and plausible for a jury to hear and should survive any motion to dismiss or for summary judgement [sic].")). However, he virtually ignores the Magistrate Judge's basis for her recommendation that his FCA claim should be dismissed, which is "a federal employee cannot bring a separate and independent claim under 31 U.S.C. § 3730(h) [(FCA)] based on alleged retaliatory employment actions." (Doc. No. 54 at 13 (citations omitted)).

---

[5] The Court recognizes that this argument was raised in a previously filed motion to dismiss (Doc. No. 30) that the Court denied as moot after Plaintiff filed his amended complaint. However, the argument was not raised in the pending motion to dismiss (Doc. No. 40) upon which the Magistrate Judge based her recommendation. As discussed, the only argument regarding the THRA raised in that motion was Defendant's assertion that the THRA claim was abandoned, and the Magistrate Judge rejected that argument. Accordingly, the argument raised in Defendant's Objection was not presented to the Magistrate Judge in connection with the pending motion to dismiss, and the Court therefore finds that it was raised for the first time in Defendant's Objection. Although the Court therefore considers the argument waived for purposes of ruling on the R&R, the Court notes that this conclusion does not prevent Defendant from asserting such argument later in this litigation, as for example on a motion for summary judgment.

Plaintiff does not specifically explain how the Magistrate Judge erred in this drawing this conclusion, and "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *J.A. v. Smith Cty. Sch. Dist.,* 364 F. Supp. 3d 803, 812 (M.D. Tenn. 2019) (Crenshaw, J.) (citation omitted). Accordingly, the Court overrules this objection.

Next, Plaintiff objects to the Magistrate Judge's recommendation that the Court grant Defendant's motion to dismiss Plaintiff's Whistleblower Protection Act ("WPA") claim based on her conclusion that the Court lacks subject-matter jurisdiction over that claim. The R&R explains:

> A federal employee pursuing a reprisal claim under the WPA must proceed by pursuing a Whistleblower Individual Right of Action ("IRA") through the administrative steps set out in the CSRA [(Civil Service Reform Act)] before bringing the claim to court in a lawsuit. 5 U.S.C. § 1221 . . . . . These steps ultimately involve obtaining a final decision from the Merit Systems Protection Board ("MSPB") or from a negotiated grievance through the procedures of a collective bargaining agreement if applicable. *See Manning v. McDonald,* 2017 WL 587979, at *4-5 (M.D. Tenn. Feb. 13, 2017) (Trauger, J.). "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Id*. at *4 [(citation omitted)]. *See also Ryan v. Donley*, 511 F. App'x 687, 690 (10th Cir. 2013); *Lerner v. Shinseki*, 2013 WL 1758752 at *12 (W.D. Ky. Apr. 24, 2013) (the plaintiff's retaliation claims brought in district court lawsuit for whistle blowing activity must be dismissed because the MSPB, not federal district court, had jurisdiction to hear WPA claims).

(Doc. No. 54 at 14).[6] The Magistrate Judge concluded that the Court lacks subject-matter jurisdiction over Plaintiff's WPA claim because (according to the Magistrate Judge) he has not

---

[6] The Magistrate Judge is not alone in concluding that the consequence of a plaintiff's failure to administratively exhaust a WPA claim is, specifically, that the district court lacks subject-matter jurisdiction of such claim. *See Manning v. McDonald*, 3:16-CV-00706, 2016 WL 8254929, at *3 (M.D. Tenn. Nov. 9, 2016), report and recommendation adopted by 2017 WL 587979 (M.D. Tenn. Feb. 13, 2017); *Aultman v. Napolitano*, No. 13-CV-14068, 2015 WL 248856, at *5 (E.D. Mich. Jan. 20, 2015) (dismissing the plaintiff's WPA claim for a lack of subject-matter jurisdiction after finding that the plaintiff had failed to exhaust his administrative remedies); *Gardner v. United States*, 213 F.3d 735, 737 n. 1 (D.C. Cir. 2000) (holding the "district court lacked subject matter jurisdiction of [plaintiff's] claims for alleged [WPA] violations . . . , because he failed to allege that he had exhausted his administrative remedies,

alleged that he "pursued and completed the necessary administrative steps for his WPA claim[.]" (*Id*). Further, the Magistrate Judge concluded that "even if the WPA claim had been properly exhausted by Plaintiff, judicial review of the final administrative decision could not be brought in this Court, but would need to be brought in the appropriate circuit court in accordance with 5 U.S.C. § 7703(b)(1)(B)." (*Id*. at 15(citing *Eluhu v. Dep't of Veterans Affs*., 801 F . App'x 952, 955 (6th Cir. 2020); *Young v. Merit Sys. Prot. Bd*., 961 F.3d 1323, 1327 (Fed. Cir. 2020))).

In his Objections, Plaintiff asserts that "[s]upplemental jurisdiction allows a federal court to adjudicate a claim over which it does not have independent subject matter jurisdiction, on the basis that the claim is related to a claim which the federal court does have independent jurisdiction." (Doc. No. 57 at 6). Although he is not completely clear, Plaintiff appears to ask the Court to exercise supplemental jurisdiction over his WPA claim. First, Plaintiff did not assert that supplemental jurisdiction was an alternative basis for jurisdiction over his WPA claims to the Magistrate Judge, and as discussed above, the Magistrate Judge Act "does not allow parties to raise

---

as required under the [CSRA]").. This conclusion may be debatable due to a discernible recent trend towards conceiving of obstacles to a district court hearing a claim as something  (such as a "claim-processing rule") other than a lack of subject-matter jurisdiction.  As the Sixth Circuit explained relatively recently in a case involving failure of a criminal defendant, *Alam*, to exhaust administrative remedies under 18 U.S.C.  § 3582(c)(1)(A):

> Alam's failure to satisfy this administrative exhaustion requirement does not deprive us of subject-matter jurisdiction. The Supreme Court has worked over the last decade or so to distinguish between jurisdictional rules (that bear on the competence of courts to hear a claim) and non-jurisdictional mandatory rules (that do not). *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006). The two rules differ in key respects. Chief among them: Courts must raise jurisdictional defects on their own initiative and may not overlook them even if the parties forfeit or waive challenges to them. *See Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012). By contrast, mandatory claim-processing rules bind the courts only when properly asserted and not forfeited. *See Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam).

*United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). The Court need not resolve whether the failure to administratively exhaust a WPA claim in particular actually deprives the district court of subject-matter jurisdiction or instead merely dictates that the court not hear the case even though it technically has subject-matter jurisdiction, because neither party has objected to the R & R on the grounds that the Magistrate Judge was incorrect to characterize this situation as involving a lack of subject-matter jurisdiction for this Court.

at the district court stage new arguments or issues that were not presented to the magistrate." *Murr*, 200 F.3d at 902 n.1. Accordingly, this argument is waived.

However, even if Plaintiff's argument were not waived, the Court would still decline to exercise supplemental jurisdiction over Plaintiff's federal WPA claim, because supplemental jurisdiction may be invoked only to exercise jurisdiction over *state-law* claims over which the Court would not have original jurisdiction. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (explaining that with "supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise"). Moreover, in Plaintiff's Objections, he relies solely on a request that the Court exercise supplemental jurisdiction, and he fails to assert specifically—let alone show—that the Magistrate judge erred in finding that he did not exhaust his administrative remedies (such that the Court would have original federal-question jurisdiction and need not rely on supplemental jurisdiction) as to his WPA claim, or that she erred in her conclusion that "judicial review of the final administrative decision could not be brought in this Court, but would need to be brought in the appropriate circuit court."[7] (Doc. No. 54 at 15). Accordingly, Plaintiff's objection to the recommendation to dismiss the WPA claim is overruled.

Next, Plaintiff objects to the Magistrate Judge's recommendation that the Court grant Defendant's motion to dismiss Plaintiff's claim brought pursuant to the Rehabilitation Act. In the R&R, the Magistrate Judge explained that to survive a Rule 12(b)(6) motion,

> there must [] be facts alleged in the complaint that plausibly show that Plaintiff is covered by the Act. . . . At no point in his pleadings does Plaintiff set out anything

---

[7] The only language in Plaintiff's Objections that could be construed to be related at all to the exhaustion requirement is the following: "[A]ll statutory time constraints have exhausted and plaintiff objects to the R&R concerning the timing and reavers that he has exhausted all administrative timing requirements for all of his claims at this juncture." (Doc. No. 57 at 11). This conclusory assertion regarding all of his claims manifestly fails to show that he administratively exhausted his WPA claim, if indeed it can even be taken to validly assert administrative exhaustion of his WPA claim in particular.

more than a conclusory allegation that he is "disabled." *See* Complaint at ¶¶ 7 and 13. However, conclusory allegations will not suffice to prevent a motion to dismiss. *Ashcroft* [*v. Iqbal*, 556 U.S. 662, 678 (2009)]; *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Given Plaintiff's failure to provide anything more than a conclusory allegation about a threshold matter, Plaintiff does not state a plausible claim under the Rehabilitation Act.

(Doc. No. 54 at 16).

In his Objections, Plaintiff asserts that he "did not know that he had to offer some type physical [sic] proof as to his disability status." (Doc. No. 57 at 9). To the extent Plaintiff here is arguing that he should be excused from some requirement to offer "physical proof," the argument is irrelevant because the Magistrate Judge applied no such requirement. And indeed there is no such requirement under the law; at the motion-to-dismiss stage, a court looks not at whether Plaintiff has offered "proof" (physical or otherwise, but rather only at whether the factual allegations in the complaint are sufficient to state a claim upon which relief can be granted. *See Ashcroft*, 556 U.S. at 678. He then goes on to describe what he contends is "proof of his documented disability" and asks the Court for permission to amend his Complaint. (*Id.*). But nowhere does he assert that (let alone how) the Magistrate Judge erred in her analysis; instead, he essentially acknowledges his pleading deficiencies by asking the Court for permission to amend his complaint. (*Id.*).

And indeed, there was nothing wrong with the Magistrate Judge's analysis. Threadbare recitals of the elements of a cause of action in a complaint, supported by mere conclusory statements, do not suffice to state a claim. *Id.* And, as the Magistrate Judge indicated, Plaintiff provided nothing more than a conclusory statement reciting that he was "disabled" (which would more properly and precisely been framed as Plaintiff "having a disability") as required to maintain a Rehabilitation Act claim.

Further, as for Plaintiff's request to amend his complaint, the Sixth Circuit has "held that an informal request contained in a brief in opposition to a motion to dismiss is not deemed a Rule 15 motion to amend." *Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017) (citing *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000) ("What plaintiffs may have stated, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.")). The Court finds this principle also applies to request to amend a complaint contained within an objection to a magistrate judge's report and recommendation. Thus, Plaintiff's objection is overruled, and Plaintiff will not be granted (at least via this Order or otherwise based on Plaintiff's Objections) leave to amend his complaint.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the Court grant Defendant's motion to dismiss certain individually-named Defendants from Plaintiff's lawsuit, but the claims on which Plaintiff asserts these Defendants are potentially liable (violations of the Family Medical Leave Act (FMLA) and the Federal Employee Compensation Act (FECA)) are not asserted in his Complaint. The Magistrate Judge recommended dismissal of Jennifer Vedral-Baron, Cynthia Johnson, and Emma Phillips, because, according to the Magistrate Judge:

> Defendants are correct that Plaintiff's Title VII, ADEA, and THRA claims [(the only surviving claims)] must be dismissed as to the several named individual defendants who are employees or supervisors at the TVHS. It is well-settled that these employment statutes do not provide for a legal cause of action against individual defendants who are not otherwise employers.

(Doc. No. 54 at 19 (citation omitted)).

In his Objections, Plaintiff argues that the Magistrate Judge erred because "individuals can be held individually liable under the FECA and FMLA." (Doc. No. 57 at 10). Even assuming this is true, the Magistrate Judge dismissed only Plaintiff's *Title VII, ADEA, and THRA* claims against the individually-named Defendants, and does not discuss these defendants' liability in regard to

the *FMLA or FECA*. (Doc. No. 54 at 19). Indeed, in the R&R, the Magistrate Judge concluded that any claims under FECA or the FMLA were not raised by Plaintiff, (Doc. No. 54 at 10), and Plaintiff does not object to this conclusion. Accordingly, this objection is overruled.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's Objection, Defendant's Objection, and the file. For the reasons discussed herein, the parties' objections will be overruled, and the Report and Recommendation will be adopted and approved.

Accordingly, Defendants' Motion (Doc. No. 40) will be

1) DENIED with respect to Plaintiff's employment discrimination and retaliation claims brought under Title VII, the ADEA, and the THRA, except for the claim of a constructive discharge under Title VII, which will be DISMISSED for lack of exhaustion;

2) GRANTED as to all other claims and those claims will be DISMISSED;

3) GRANTED as to Plaintiff's request for punitive damages;

4) GRANTED as to individual liability claims brought against Defendants Jennifer Vedral-Baron, Cynthia Johnson, Emma Phillips, Timothy Eckwood, and Joseph Blair, and said Defendants will be DISMISSED from the case; and,

5) DENIED to the extent that Defendants seek summary judgment in their favor.

An appropriate order will be entered.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE