IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHEN DOWNS )
)
v. ) NO. 3:20-01090
) Richardson/Holmes
DENNIS McDONOUGH, Secretary of the )
Department of Veteran's Affairs, et al. )

**O R D E R**

For the reasons set out below, the several discovery motions that are pending in this *pro se* employment discrimination case are ruled on as follows and according to the directives and revised scheduling order detailed below:

(1) Plaintiff's motion for an extension of time to complete discovery and for a discovery conference (Docket Entry No. 68) is GRANTED IN PART and DENIED IN PART;

(2) Plaintiff's motion for leave to issue a subpoena and for a discovery conference (Docket Entry No. 69) is DENIED;

(3) Defendant's motion to quash (Docket Entry No 70) is GRANTED;

(4) Defendant's motion to compel (Docket Entry No. 75) is GRANTED IN PART and DENIED IN PART;

(5) Plaintiff's motion to compel (Docket Entry No. 78) is DENIED as moot given Plaintiff's later filed motion to compel, and;

(6) Plaintiff's motion to compel (Docket Entry No. 80) is GRANTED IN PART and DENIED IN PART.

Before specifically addressing the motions, the Court pauses to note the following, which are specific findings of the Court. Some delay in the case is linked to the time required for Defendant's comprehensive motion to dismiss to be addressed by the Court, the result of which significantly narrowed the claims at issue, and the relevant discovery, in the case. Nonetheless, after review of the parties' numerous filings on the discovery issues, the Court finds that both parties bear some, although not equal, responsibility for discovery delays. Plaintiff is responsible for causing needless delay by refusing to accept the fact, as was explained to him by Defendant on numerous occasions, that Defendant is within his procedural rights to require service of discovery requests upon him by regular mail and not by e-mail. The Court also finds that the tone of many of Plaintiff's written communications to Defendant's counsel and the tone of many of his filings is overly combative and antagonistic. Plaintiff shall refrain from making further inflammatory comments.[1] On the other hand, Defendant is responsible for sending to Plaintiff a request for interrogatories that was apparently cut and pasted from another case and that refers to another individual and not to Plaintiff as the person to whom the interrogatories are directed. While both shortcomings could have easily been avoided or remedied, the Court sees nothing that indicates that either party has acted willfully and in bad faith to subvert the discovery process. Against the backdrop of these findings, the reasons for the Court's rulings on the parties' motions are as follows:

---

[1] For example, Plaintiff states in one of his motions that Defendant's counsel "is making a mockery of the judicial system and should be immediately corralled by this court" and "has certified in bad faith to this court contrived efforts on behalf of defendant and is severely misleading this court as to the true nature of how discovery has been abused by defendant counsel." *See* Docket Entry No. 80 at 1-2. The Court finds no support for such hyperbolic statements, and the inclusion of such statements in motions is completely unnecessary.

Contrary to Plaintiff's requests, the Court sees no need for a discovery conference at this time. Plaintiff's motions are therefore DENIED to the extent that he requests a discovery conference.

The discovery subpoena Plaintiff served upon Defendant was invalid. Local Rule 45.01(a) provides that the Clerk of Court shall issue a subpoena to a *pro se* party only upon an order entered by the Court after motion of the *pro se* party. This step was not taken with respect to the subpoena that Plaintiff served upon Defendant. This subpoena was likewise not signed by the Clerk of Court. For this reason, Defendant's motion to quash this subpoena has merit and is GRANTED.

To the extent that Plaintiff seeks permission to have a second subpoena issued to Defendant, the request is DENIED. The Court views the proposed subpoena as both unnecessary at this time and overreaching. If there are relevant documents that are stored on a "MU-LAPTOP COMPUTER" that is in the possession of Defendant, then Plaintiff should request such documents by a request for production in accordance with Rule 34 of the Federal Rules of Civil Procedure in lieu of requesting the issuance of a subpoena. Plaintiff has not made any compelling argument as to why he needs to inspect the actual computer or even how such a forensic examination would occur. Likewise, the Court sees no apparent need for the "inspection of premises" that Plaintiff includes in his proposed subpoena given the claims in this case.

The Court finds that an additional period for completing discovery is warranted given that both parties have clearly not completed discovery. Plaintiff's request for an extension of the discovery period is, accordingly, GRANTED. Defendant's request to limit any further discovery by Plaintiff based on an untimeliness argument is DENIED. In accordance with new scheduling order deadlines set out herein, the Court expects both parties to promptly finish discovery so that Plaintiff's claims can be resolved on their merits.

Both parties will be required to respond to the opposing parties' written discovery requests.[2] This includes requests for admissions, for which the Court is extending the time to answer. If Defendant has not done so already, Defendant must correct the interrogatories that were served upon Plaintiff to ensure that they are actually directed to Plaintiff. With respect to Plaintiff's written discovery, Defendant shall only be required to respond to written discovery that is properly served by mail upon Defendant. Additionally, Plaintiff is required to appear for his deposition and be deposed. He may not fail to appear or fail to answer questions at his deposition because of a pending motion or because of a discovery dispute. To the extent consistent with these directives, the parties' competing motions to compel are GRANTED.

Further pretrial proceedings in the case will be according to the following deadlines:

1. As set out in the prior scheduling order, the time for amendment of the pleadings is closed.

2. The deadline for the parties to serve any additional written discovery upon the opposing party is January 13, 2023.

3. The deadline for the parties to serve responses to any written discovery requests is February 24, 2023.

4. All discovery motions, except those related to depositions, must be filed by March 10, 2023. All discovery motions must comply with the applicable requirements contained in Rules 26 through 37 of the Federal Rules of Civil Procedure and Rule 37.01 of the Local Rules of Court.

5. All depositions in this case must be completed by March 24, 2023.

---

[2] Both parties are cautioned that the Court expects them to make good faith efforts to provide responses to the outstanding written discovery requests and to not lodge boilerplate or generic objections. Such objections are not permitted under the discovery rules.

6. The deadline for the filing of dispositive motions under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.01 is **May 26, 2023**.

Any party objecting to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

So ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge