IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN DOWNS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-01090 ) |
| DENNIS McDONOUGH, Secretary of the Department of Veterans Affairs, | ) JUDGE RICHARDSON ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM ORDER

Pending before the Court is "PLAINTIFF [sic] RULE 59(e) MOTION TO ALTER/AMEND MEMORANDUM OPINION AND ORDER AWARDING SUMMARY JUDGEMENT FOR DEFENDANT DENIS MCDONOUGH, DEPARTMENT OF VETERAN AFFAIRS, SEC OF; ENTERED BY CLERK OF COURT FOR PURPOSES OF RULE 58(a) and/or RULE 79(a) FRCP ON 04/01/2024 re [127]" Doc. No. 129, "Motion"). Via the Motion, Plaintiff asks the Court, under Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend its Memorandum Opinion and Order (Doc. No. 127) and corresponding Judgment (Doc. No. 128) that granted plenary summary judgment in favor of Defendant. The Government has responded in opposition to the Motion. (Doc. No. 131). Plaintiff has replied. (Doc. No. 134).

## LEGAL STANDARD

Rule 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). A court may grant a motion to alter or amend a judgment based on: (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in

controlling law, or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). But because Rule 59(e) motions are "extraordinary" and "contradict[ ] notions of finality and repose[,]" they are "seldom granted." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011) (internal quotation marks and citation omitted). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)).

A district court has considerable discretion in deciding whether to grant a motion under Rule 59(e). *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." (citations omitted)).

DISCUSSION

As noted, via the Motion, Plaintiff seeks to have the Court alter and amend the Court's grant of summary judgment to Defendant. Although the Court does not require, from a pro se litigant like Plaintiff, all the metaphorical bells and whistles and formalities expected from attorneys, Plaintiff still must meet the substantive requirements for the extraordinary remedy he seeks, and also convince the Court to exercise its discretion to grant that remedy. And he has failed to do so.

Plaintiff does not specify whether he bases his Motion on a purported clear error of law, purported newly discovered evidence, a purported intervening change in controlling law, or a

purported need to prevent manifest injustice. *GenCorp, Inc.*, 178 F.3d at 834. Indeed, Plaintiff does not even mention the applicable standard, let alone apply it to the facts as he sees them.

In a general sense, the Motion does assert that the Court committed error, and fostered an injustice in granting summary judgment to Defendant. But the Motion does not claim *clear* error or *manifest* injustice, let alone define those terms; still less does he support those claims. It is one thing to say that the Court erred, and it is another to say that the error was clear. Likewise, it is one thing to say that a result constitutes an injustice, and it is another to say that the injustice was manifest.

In fact, "[c]lear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Chesnut v. United States*, 15 F.4th 436, 441 (6th Cir. 2021) (quoting *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015)). On a Rule 59(e) motion, typically (and here) the "reviewing court" necessarily is the same district judge that ordered and entered judgment to begin with. Here, that means the undersigned. And he is not left with any conviction—let alone a firm and definite one—that he committed error in granting summary judgment to Defendant.

Similarly, the undersigned sees nothing that makes it "manifest" that his grant of summary judgment fostered some injustice. As noted, Plaintiff does not define (or even mention, except one in passing on page 1 of his Reply) "manifest injustice," but here is what a district court in this circuit explained regarding the definition, not long ago:

> Manifest injustice is . . . not clearly defined in case law, but the Sixth Circuit has previously looked to the plain meaning of the words to guide its application:
>
> > Black's Law Dictionary defines the phrase "manifest injustice" to mean: "An error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." BLACK'S LAW DICTIONARY 982 (8th ed. 2004). Of course, as

> the examples suggest, more than a clear error is required; injustice must also result.

*Volunteer Energy Servs. v. Option Energy*, 579 F. App'x 319, 330–31 (6th Cir. 2014).

> District courts have held that "manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Williams v. Shelby Cty. Bd. Educ.*, No. 217CV02050TLPJAY, 2021 WL 698861, at *3 (W.D. Tenn. Feb. 23, 2021), *quoting United States v. Allen*, No. 14-20191, 2020 WL 4592901, at *1 (E.D. Mich. Aug. 11, 2020) (internal quotation marks omitted). The "manifest injustice" provision within Rule 59 is "not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind." *Lonardo*, 706 F. Supp.2d at 809, *citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). It is "a fact-specific analysis that falls squarely within the discretionary authority of the Court." *Id.* "[T]he Court should weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings." *Id.*, *citing GenCorp*, 178 F.3d at 834.

*Johnson v. Bobby*, No. 2:08-CV-55, 2022 WL 1656762, at *2 (S.D. Ohio May 24, 2022).

Even if (as the Court does *not* find), it committed error in granting summary judgment, it perceives nothing at all that would take any such error to the level of "manifest injustice." And as noted, Plaintiff does nothing to even attempt to show otherwise. What he does in the Motion, instead, as aptly summarized by the Government: "Plaintiff re-argues his entire case. *See, e.g.*, ECF No. 129, PageID #: 2092 (this Court should "take another look at the 'entire' pleadings of plaintiff, as plaintiff is in no way willing to throw [in] the towel…")." (Doc. No. 131 at 2). Plaintiff fares no better in the Reply, in which he makes merely a passing reference to "manifest injustice" and conclusory and self-serving allegations that he has been mistreated and has valid claims.

At best, to support his request for relief under Rule 59(e), Plaintiff appears to reassert arguments that he advanced unsuccessfully in opposition to Defendant's motion for summary judgment. But again, motion under Rule 59(e) does not allow a party to "effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks and citation omitted); *see Johnson v. Bobby*, No. 2:08-cv-55, 2022 WL 1656762, at *9 (S.D. Ohio Mar.

24, 2022) (denying Rule 59(e) motion when the party simply "regurgitate[d] his previous arguments"); *see also Gascho*, 918 F. Supp. 2d at 714 ("Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided." (citation omitted)).

To the extent that Plaintiff makes new (sub)arguments in support of the arguments he made the first go-round, the Court need not consider them, because "[a] Rule 59(e) motion . . . is not the proper vehicle to raise arguments that should have been made before judgment." *Moore v. Coffee Cty.*, 402 F. App'x 107, 109 (6th Cir. 2010) (quoting *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 424 (6th Cir. 2005)).

In short, the Government has it right when it says, "Plaintiff cannot justify an alteration or amendment to the Court's judgment. No clear error of law, newly discovered evidence, intervening change in the controlling law, or need to prevent manifest injustice is at issue here." (Doc. No. 131 at 2).

Additionally, the Court rejects Plaintiff's notion that the grant of summary judgment to Defendant deprived him of his Seventh Amendment right to a jury. Hypothetically, on appeal Plaintiff could convince the Sixth Circuit that the grant of summary judgment was erroneous. But even then, the problem would be an erroneous grant of summary judgment, *not* a denial of his Seventh Amendment rights. That is because the procedural mechanism of summary judgment does not violate the Seventh Amendment. *Love v. Elec. Power Bd. of Chattanooga, EPB*, 392 F. App'x 405, 410 (6th Cir. 2010) ("[the appellant] also argues that the whole concept of summary judgment violates the Seventh Amendment. We reject this argument as we have before." (citing *McDaniel v. Kindred Healthcare, Inc.,* 311 F. App'x 758, 758–59 (6th Cir.2009) and *Cook v. McPherson,* 273 F. App'x. 421, 425 (6th Cir.2008))).

Finally, as for Plaintiff's complaint that "discovery has been mismanaged by the court and has unjustly and unfairly deprived plaintiff of his constitutional right to gather evidence that supports his claims," (Doc. No. 129 at 2), this conclusory assertion gets Plaintiff nowhere on the instant Motion. The Government is right when it says, "Plaintiff has not pointed to any error in the Court's handling of those [discovery] disputes, change in the law, or manifest injustice; his mere dissatisfaction with the outcomes will not implicate Rule 59(e)." (Doc. No. 131 at 3).

CONCLUSION

For the reasons set forth above, the Court finds no basis for taking the "extraordinary" and seldom-taken measure of granting Plaintiff relief under Rule 59(e). And the Court notes that even if Plaintiff had shown some *minimal* basis, the Court in its discretion likely would have adhered to its original decision in the interests of district-court finality and preservation of resources, leaving for a potential appeal a full revisiting of the issues this Court has already resolved once to its full satisfaction. Accordingly, the Motion (Doc. No. 129) is **DENIED**. The two pending motions to ascertain status (Doc. Nos. 135 and 138) are **DENIED** as moot.

Plaintiff may be upset with the undersigned district judge (not to mention counsel for the Government) and his decisions in Plaintiff's case. Fortunately for him, our system allows disaffected litigants like him to appeal (in a timely and procedurally appropriate manner) to the United States Court of Appeals.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE